

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

*affirmed by*
*C-266*

Honorable A. E. Nickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. 0-7278
Re: What means is the County Clerk
of Montgomery County to take in
determining the number of quali-
fied voters signing the petition
for a local option election?

Your request for an opinion has been received and carefully considered by this department. We quote your letter, in part, as follows:

"There are two voting boxes in the City of Conroe for primary and general elections. These two boxes, however, extend beyond the city limits of Conroe and many voters who are authorized to vote in these two boxes at primary and general elections are not inhabitants of the City of Conroe and, therefore, are not qualified voters in a City election. When the city holds an election they have only one voting box. There is no city poll tax assessed and, therefore, there is no city poll tax. The only poll tax lists available are those for the two voting boxes for primary and general elections and as above stated these lists carry a number of voters who do not actually reside in the City of Conroe. Therefore, what means is the County Clerk to take in determining the number of qualified voters signing the petition for a local option election? He has no means of determining how many of the votes cast at the last election for Governor at which time Presidential Electors were elected, were actually voters residing within the city limits of Conroe."

Article 666-32 Vernon's Annotated Penal Code of Texas reads, in part, as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"When any such petition so issued shall within one hundred twenty (120) days after the date of issue be filed with the clerk of the Commissioners Court bearing the actual signatures of as many as ten (10%) per cent of the qualified voters of any such county, justice precinct, incorporated town or city, together with a notation showing the residence address of each of the said signers, taking the votes for Governor at the last preceding general election at which time Presidential electors were elected as the basis for determining the qualified voters in any such county or political subdivision, it is hereby required that the Commissioners Court at its next regular session shall order a local option election to be held upon the issue or issues set out in such petition. It shall be the duty of the county clerk to check the names of the signers of any such petition and the voting precincts in which they reside to determine whether or not the signers of such petition are in fact qualified voters of the county or political subdivision at the time such petition is presented, and to certify to the Commissioners Court the number of qualified voters signing such petition."

We quote Vol. 16, Texas Jurisprudence, page 21, as follows:

"If the law directs an officer or officers to order an election when a certain number of qualified voters have joined in a petition for the same, it is made the duty of the officers to ascertain whether or not the requisite number of voters have joined in the petition and whether they are qualified. However, the officials will be allowed to exercise their own discretion in this matter, provided that their decision is based upon reason and fairness, and is not impelled by fraud or caprice."

It is our opinion that the county clerk, whenever a petition called for under Article 666-32 is presented to him, may adopt any means he deems necessary and proper to determine whether or not the signers of such a petition are qualified voters of the county or political subdivision and to ascertain the number of qualified voters signing the same.

Honorable A. M. Nickerson - Page 3

By way of suggestion, we believe that the county clerk may, by checking the certified lists of qualified voters for the two voting boxes of the City of Conroe for the last general election at which time Presidential electors were elected and eliminating the votes cast by persons residing outside of the corporate boundaries of Conroe, ascertain the number of votes cast by persons residing within the corporate boundaries of Conroe at the time of such election.

In Opinion No. O-4045 of this department, we construed the term "qualified voter" as used in Article 666-32, supra, as follows:

"We think that the term 'qualified voter' as used in Article 666-32, supra, means those who are qualified to vote, under the Constitution and statutes of this state, and who are qualified to vote in the local option election which is to be called by reason of the said petition."

Trusting that the foregoing fully answers your inquiry, we are

APPROVED AUG 6, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

JNW:sd

Yours very truly

ATTORNEY GENERAL OF TEXAS

By James N. Ware

James N. Ware
Assistant


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN